ELECTRONICALLY FILED
2014 Apr 21 PM 4:44
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Lori Osborn

      Plaintiff

vs.

No._____

CIGNA Group Insurance  and
Connecticut General Life Insurance Company

      Defendants

COMPLAINT FOR BREACH OF CONTRACT

1. This is an action by the plaintiff to recover sums due her pursuant to a disability policy issued by the defendant Connecticut General Life Insurance Company, hereinafter [Connecticut], and administered by the defendant CIGNA Group Insurance, hereinafter [CIGNA].

2. The plaintiff is a resident of Shelby County Tennessee.  The defendants are insurance companies believed to be authorized to due business in Tennessee.  Upon information and belief the plaintiff alleges that Connecticut is a subsidiary of CIGNA although the policy at issue was issued by Connecticut.

3. All acts alleged occurred in Shelby County Tennessee.

4. The plaintiff was previously employed by Memphis Light Gas and Water.

5. As an employee the plaintiff was covered by a group insurance plan issued to MLGW covering MLGW employees for disability.

6. At all times material to this action, the plaintiff was subject to the terms and conditions

1

of the plan.  A copy of the plan is attached as an exhibit to this complaint.

7.  During the plaintiff's employment with MLGW she was diagnosed with chronic fatigue syndrome.  CFS prevents the plaintiff from being able to perform her duties at MLGW.

8.  Following her diagnosis in 2006 or earlier, the plaintiff made a claim pursuant to the policy for long term disability benefits.  The claim was approved and benefits were paid to the plaintiff at the rate of $2344.15 per month.

9. On October 19, 2010 CIGNA offered to settle the plaintiff's claim under the policy for a lump sum payout.

10.  On January 20, 2011,  CIGNA again made an offer to close out future payments.

11.  Communications concerning the CIGNA offer continued March 2011.

12.  In August 2011, CIGNA advised it was reviewing the plaintiff's file and sent the plaintiff a questionnaire regarding her activities of daily life.  CIGNA also sought information from the plaintiff's primary treating physician.

13.  Despite complying with the demands of CIGNA, plaintiff was finally advised on March 26, 2012 that CIGNA was denying the claim and future payments would cease.

14.  The plaintiff has not received any payments since April 2012. The total due and owing to the plaintiff as of March 1, 2014 is $53,915.45.

15.  The plaintiff alleges that she has attempted to comply with the appeal rights afforded her but despite her efforts to comply, she has not had a response from CIGNA concerning the appeal since October 29, 2013.  Counsel for the plaintiff has had no reply to the status of the appeal since October 29, 2013.  The plaintiff alleges that the "appeal rights" afforded by CIGNA are illusory at best, and she should be excused from making any further efforts at pursuing the "appeal."

16. The plaintiff alleges that the policy issued by Connecticut does not have any mandatory requirement that an appeal must be exhausted before an action to recover benefits can be prosecuted.

17. The plaintiff alleges that she still suffers from CFS and remains under her doctor's care for treatment.

18. The plaintiff alleges that she is disabled as defined by the policy and entitled to monthly payments as provided by the policy issued by Connecticut.

19. The plaintiff alleges that the Connecticut policy is not subject to the provisions of ERISA and is not pre-empted by ERISA.

20. Prayer for Relief, premises considered, the plaintiff prays that:

a. She be awarded a judgment against the defendants, both jointly and severally, in the amount of $2344.15 per month from March 1, 2012 through the conclusion of this action, the accrued amount now being $53,915.45;

b. She be awarded prejudgment interest as provided by law;

c. She be awarded such other relief as she may be entitled , including all costs, both discretionary and statutory.

Respectfully submitted,

Ronald D. Krelstein, 8223
7515 Corporate Centre Drive
Germantown, Tn 38138
901-754-9935
Attorney for the Plaintiff
rdkrel@bellsouth.net

3



# GROUP

# INSURANCE

# PLAN

## MEMPHIS LIGHT, GAS & WATER DIVISION

City of Memphis

Revised July 1, 1982

## CONNECTICUT GENERAL
Life Insurance Company, Hartford

36302   7-82   :25   Printed in U.S.A.

NOTES

*Home Office: Bloomfie     onnecticut*
*Mailing Address: Hartford, Connecticut 06152*

## CONNECTICUT GENERAL LIFE INSURANCE COMPANY

Certifies that it has issued the group insurance policy shown below and that, subject to the terms of the policy, certain employees of the Policyholder are insured for the benefits described herein. Any coverage described herein is in effect for the employee only if he has become insured for such coverage under the applicable Group Policy.

**POLICYHOLDER:** MEMPHIS LIGHT, GAS & WATER DIVISION

Active Employees

0343288-02   LONG TERM DISABILITY

The benefits for which you are insured are set forth herein. If there is any coverage for which you are eligible which requires an election and contributions, such coverage will become effective only if you so elect and are making such contributions.

This certificate, which is furnished in accordance with, and subject to, the terms of the group insurance policy, replaces any other certificate previously issued to you covering the insurance described herein. It is not the contract of insurance. Each policy and the application of the Policyholder for it, constitute the entire contract. This certificate is merely evidence of insurance provided under the policy. The insurance is effective only after the person concerned is eligible for insurance and becomes and remains insured in accordance with the terms, provisions and conditions of the policy.

*Senior Vice President*

1

GM5000 (1a)                                                              v-6

20

NOTES

SCHEDULE OF BENEFITS

BENEFITS FOR YOU

Length of Service when disability commences:

Each Employee who has completed 25 years but less than 35 years of service when he becomes disabled:

Long Term Disability Benefit, Monthly
Income Benefit ..............60% of Monthly Basic Earnings, rounded to the nearer $1.00, up to $2,500

Each Employee who has completed less than 25 years of service when he becomes disabled:

Prior to 25th Anniversary Date of employment

Long Term Disability Benefit, Monthly
Income Benefit ..............60% of Monthly Basic Earnings, rounded to the nearer $1.00, up to $2,500

On and after 25th Anniversary Date of employment

Long Term Disability Benefit, Monthly
Income Benefit ..............56.25% of Final Average Compensation*

*Monthly income reduced on the 25th Anniversary Date of Employment, except 60% benefit not to be reduced before five years from the date of disability or age 70, whichever occurs first. The 56.25% benefit continues for life.

Benefit Waiting Period..............1 year or the day following the end of full salary continuation program, whichever is later

3

18

## GROUP INSURANCE PLAN

### Eligibility

You are eligible to participate in this plan as soon as you have completed 6 months of Active Service provided you are a member of the Employer's Retirement and Pension System.

### When Your Insurance Becomes Effective

Your insurance will become effective on the day you become eligible if you have elected the insurance on or before that date by signing a payroll deduction order approved by the Policyholder. If you elect the insurance within 30 days after the date you become eligible, your insurance will become effective on the day you sign the payroll deduction order.

If you elect the insurance more than 30 days after you become eligible, your insurance will become effective, if at all, on the day Connecticut General accepts you for insurance. Connecticut General will require you to submit evidence of insurability for yourself through your employer.

### Postponement of Insurance

If you are not in Active Service on the day your insurance would normally become effective, your benefits will be postponed until the day you return to Active Service.

Participation in this program when eligible is a condition of employment subject to the above provisions.

## HOW TO FILE YOUR CLAIM

Your Group Insurance program is designed to help process your claim as quickly as possible. Your promptness in submitting the required claim forms (which should be fully completed by you and your physician) will result in the speedy payment of your claim. You may get these forms from your Benefit Plan Administrator. All completed forms must be submitted through his office.

The claim form should be filed early with your Benefit Plan Administrator to be sure you will receive the benefits while you are out of work and need them most. DO NOT WAIT UNTIL YOU RETURN TO WORK TO REPORT YOUR DISABILITY.

REMEMBER - PROMPT SUBMISSION OF REQUIRED CLAIM FORM RESULTS IN FASTER PAYMENT OF YOUR CLAIMS.

## ACCIDENT AND HEALTH PROVISIONS

### Proofs of Loss

Written proof of loss must be furnished to Connecticut General at its Home Office within 90 days after the date of the loss for which claim is made. Failure to furnish written proof of loss within that time will neither invalidate nor reduce any claim if it be shown that it was not reasonably possible to furnish written proof of loss within that time and that written proof of loss was furnished as soon as was reasonably possible.

### Physical Examination

Connecticut General, at its own expense, will have the right and opportunity to examine any individual for whom claim is pending when and so often as it may reasonably require and to make an autopsy in case of death where it is not prohibited by law.

### Legal Actions

No action at law or in equity will be brought to recover on any policy described herein prior to the expiration of 60 days after proof of loss has been filed in accordance with the requirements set forth above, nor will any action be brought at all unless brought within 3 years from the expiration of the time within which proof of loss is required.

## LONG TERM DISABILITY INSURANCE

FOR YOU, IF YOU HAVE COMPLETED LESS THAN 25 YEARS OF CONTINUOUS ACTIVE SERVICE

### When Benefits Are Payable

To be entitled to Long Term Disability benefits you must, while your insurance is in effect, be totally disabled from performing the duties of your occupation due to sickness or accidental bodily injury continuously through-out the Benefit Waiting Period shown in the Schedule of Benefits.

### Payment Period

If you remain totally disabled from performing the duties of your occupation after the expiration of the Benefit Waiting Period, you will receive Monthly Income payments during continuation of your disability. If Monthly Income has been payable for 24 months, and your disability prevents you from engaging in any occupation, you will continue to receive Monthly Income until

· you are able to engage in some occupation (other than Rehabilitative Work)

· you reach age 70

whichever happens first, subject to the following exception.

If you reach your 25th anniversary date while totally disabled, Monthly Income payments will continue for a maximum of 5 years from initial date of disability or until you reach age 70, whichever comes first. Thereafter, benefits will be reduced to an amount equal to 56.25% of your final average compensation (including other income) as defined in pension resolution.

## LONG TERM DISABILITY INSURANCE

FOR YOU, IF YOU HAVE COMPLETED AT LEAST 25 YEARS OF CONTINUOUS ACTIVE SERVICE

### When Benefits Are Payable

To be entitled to Long Term Disability benefits you must, while your insurance is in effect, be totally disabled from performing the duties of your occupation due to sickness or accidental bodily injury continuously through-out the Benefit Waiting Period shown in the Schedule of Benefits.

### Payment Period

If you remain totally disabled from performing the duties of your occupation after the expiration of the Benefit Waiting Period, you will receive Monthly Income payments during continuation of your disability. If Monthly Income has been payable for 24 months, and your disability prevents you from engaging in any occupation, you will continue to receive Monthly Income until

- you are able to engage in some occupation (other than Rehabilitative Work)

- you reach age 70

whichever happens first, subject to the following exception.

If you become totally disabled after you have completed 25 years of active service, Monthly Income payments will continue for a maximum of 5 years from initial date of disability or until you reach age 70, whichever comes first.

## ACCIDENT AND HEALTH PROVISIONS

### Time of Payment of Benefits

All benefits other than disability income benefits will be paid by Connecticut General immediately upon receipt of due proof. Upon receipt of due proof, disability income benefits, if provided by the policy, will be paid by Connecticut General at regular intervals occurring at least as often as once a month, and any balance remaining unpaid at the end of any period for which Connecticut General is liable will be paid at that time.

### Notice of Claim

Written notice of claim must be given to Connecticut General within 30 days after the occurrence of the event on which claim is based. Failure to give written notice within the time specified above will neither invalidate nor reduce any claim if it be shown that it was not reasonably possible to give written notice within that time and that written notice was given as soon as was reasonably possible.

### Claim Forms

Connecticut General, when it receives the notice of claim, will furnish to the claimant or to the Policyholder for delivery to the claimant, the claim forms which it usually furnishes for filing proofs of loss. If the claimant does not receive these claim forms within 15 days after receipt by Connecticut General of the notice of claim, he will be considered to have complied with policy requirements as to proof of loss upon submitting, within the time specified below for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

## LONG TERM DISABILITY INSURANCE

### Amount Payable

Your Monthly Income Benefit is based upon your Monthly Basic Earnings and is determined from the Schedule of Benefits. Monthly Basic Earnings are determined on the day you become insured. If your Monthly Basic Earnings change, any consequent change in the amount of your Monthly Income will be effective on the date of change in earnings, if you are in Active Service on that date. If you are not in Active Service, no increase in your Monthly Income will become effective until you return to Active Service.

Any change in the amount of Monthly Income due to the occurrence of an employee's 25th anniversary of employment will be effective on that anniversary, but in no event will the amount of Monthly Income change before the earlier of 1) the employee's 70th birthday, or 2) the end of the fifth year of the disability for which Monthly Income is payable.

### Reduction of Monthly Income Benefit

Your Monthly Income Benefit will be reduced by the following other income items payable for the same period that Monthly Income benefits are payable.

1. Any periodic cash payments provided on account of your disability:

   under any plan of insurance toward which the employer contributes or makes payroll deductions (including Total and Permanent life insurance benefits when applied for)

   by the Federal Social Security Act on your own behalf;

   by any state or federal government disability or retirement plan;

   under any Pension Plan with respect to which your employer contributes or makes payroll deductions;

### DEFINITIONS

### Retirement Date

Your Retirement Date will be the first date you receive retirement benefits under any pension plan for which your employer contributes or makes payroll deductions.

### 25th Anniversary Date

Your 25th Anniversary Date will be the date on which you have completed 25 years of Active Service or the date on which you would have completed 25 years of service if you had not been disabled.

## TERMINATION OF INSURANCE

Your insurance will terminate on the earliest of the following events:

1. you cease to be in a class of eligible employees or cease to qualify as an Employee;

2. the Group policy terminates;

3. you fail to make any required contribution;

4. your 70th birthday;

5. your 35th anniversary of employment;

6. your Retirement Date;

7. you leave Active Service, except as provided in the following paragraph.

If your Active Service terminates because of injury or sickness for which Monthly Income is or may become payable, your insurance will continue during the Benefit Waiting Period and during the period for which Monthly Income is payable and will not terminate until the end of the period for which Monthly Income is payable.

The employee's insurance will be reinstated immediately upon payment of premiums for that employee by the Policyholder if the employee returns to Active Service in a class of eligible employees as soon as he ceases to be disabled.

## LONG TERM DISABILITY INSURANCE

### Successive Disabilities

If you have completed the Benefit Waiting Period and are receiving Monthly Income Benefits, successive disabilities, will be considered one disability unless the disabilities are separated by your return to Active Service for at least 90 consecutive days.

T-1   14   V-49 M

LTD-34   7   M

## LONG TERM DISABILITY INSURANCE

### Provisions Applicable to Social Security

If you are covered under the Federal Social Security Act, it will be assumed that you and your dependents are receiving the periodic cash payments you are eligible for under Social Security unless you submit proof to Connecticut General that you have applied for Social Security benefits and they are not payable.

Any increase (due to any reason other than a change in the number of your dependents) in the amount of disability or Old Age benefits payable under Social Security will be disregarded if the increase becomes effective after Monthly Income becomes payable and after the date the first payment under Social Security is payable.

Also, any increase in the amount of disability pension benefits payable under your Employer's Retirement and Pension System will be disregarded if the increase becomes effective after Monthly Income becomes payable and after the date the first pension payment is payable.

### Rehabilitative Work

You may continue to receive Monthly Income Benefits while you engage in Rehabilitative Work. Your Monthly Income Benefit, however, will be reduced by 70% of any earnings from Rehabilitative Work in addition to reduction by other income items.

## LONG TERM DISABILITY INSURANCE

### Limitations

Payment will not be made under this plan for any disability:

a. which is a result of war (declared or undeclared), or any act or hazard of war;

b. which is a result of intentionally self-inflicted injury while sane or insane;

c. as a result of occupational injury or illness which results in a full pension allowance;

d. service with armed forces of any country (other than temporary active duty for training purposes only);

nor for any period of disability:

e. for which full salary is payable under your employer's salary continuation program or any Workers' Compensation program;

f. during which you are not under the care of a legally qualified physician.

### Extension of Benefits

If a disability for which Monthly Income is payable commences while this plan is in force, Monthly Income will be payable after termination of the Group Policy to the same extent as if the Policy had not terminated.

### Pregnancy

Disability caused by pregnancy will be considered disability caused by sickness.

# DEF...TIONS

## Employee

You will be considered an Employee if you work full time for your employer. If you work part time, on a temporary basis or less than 30 hours per week, you will not be considered an Employee under any circumstances.

## Active Service

You will be considered to be in Active Service if you are performing in the customary manner and on a full time basis all the regular duties of your employment with your employer at one of its business establishments, or at a place your employer requires you to travel on business on a day that is one of your employer's scheduled work days.

## Basic Earnings

The term Basic Earnings means your rate of pay, excluding overtime, bonus or additional compensation, for your normal work week, but in no event for a work week of more than 40 hours.

## Rehabilitative Work

The term Rehabilitative Work means work performed under any formal or informal program of rehabilitation approved by Connecticut General.

## Benefit Waiting Period

The Benefit Waiting Period will commence when you become disabled and will continue for the period shown in the Schedule of Benefits, or until disability ceases, whichever is the earlier.

## Final Average Compensation

Your Final Average Compensation as defined under the Employer's Retirement and Pension System and as reported by the Policyholder to the Insurance Company will be considered conclusive.

# LONG TERM DISABILITY INSURANCE

## Reduction of Monthly Income Benefit (Continued)

- under any salary or wage continuance plan sponsored by your employer;

- under or on account of any workers' compensation or similar law;

- which becomes payable on or after the commencement of your disability for which you are receiving Monthly Income Benefits; and

2. Any Federal Old Age Benefits provided under the Federal Social Security Act on your own behalf.

# CONNECTICUT GENERAL LIFE INSURANCE COMPANY

POLICYHOLDER:  **MEMPHIS LIGHT, GAS & WATER DIVISION**

ADDRESS:  **Memphis, Tennessee**        EFFECTIVE DATE:  **August 1, 1967**

DATE OF ISSUE:  **November 3, 1967**

POLICY NUMBER:  **34328-02**        ANNIVERSARY DATE:  **August 1**

The Insurance Company specifies in this policy the terms under which it insures certain Employees and agrees to pay each insured Employee the benefits to which he is entitled in accordance with the provisions contained in the policy.

The policy is issued and accepted subject to all the terms set forth on this page and on the subsequent pages, which are hereby made a part of the policy.

IN WITNESS WHEREOF Connecticut General Life Insurance Company has caused this policy to be executed on the Date of Issue to take effect on the Effective Date.

Vice President        President

.........................................................
Registrar

GROUP LONG TERM DISABILITY BENEFITS INSURANCE POLICY
Non-Participating        Occupational        Contributory

GM 3000 1LT1

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

CONTENTS

|  | SECTION |
|---|---|
| I. BENEFITS | |
| Insuring Provisions | 11 |
| Schedule of Benefits | 3 |
| II. CONDITIONS OF COVERAGE | |
| Definitions | 9 |
| Effective Date of Insurance | 7 |
| Eligibility for Insurance | 5 |
| Termination of Insurance | 21 |
| Waiting Period | 5 |
| Benefit Waiting Period | 3 |
| III. CONTRACT | |
| Certificate | 40 |
| Claims, Forms and Notice of Claim | 40 |
| Discontinuance of Policy | 36 |
| IV. PREMIUMS | |
| Adjustments in Premium Rates | 34 |
| Calculation of Premiums | 34 |
| Due Date | 34 |
| Grace Period | 36 |
| Payment of Premiums | 34 |
| Table of Monthly Premium Rates | 30 |

This policy includes the following pages on date of issue:

1LT1, 2LT1, 3LT1 V-1, 5G1 V-7, 7G1, 9G1 V-20, 9G2, GTLT34328-1, GTLT34328-2,
12LT1 V-4, GTLT34328-3, 30LT1, 3LT1, 34G1 Sp., 36G1 Spec., 38G1, 40G1, 40LT2 Sp.

Section

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

SCHEDULE OF BENEFITS

| Employee Classification | Amount of Monthly Income |
|---|---|
| Each Employee who has completed 25 years or more of service when he becomes disabled | 60% of monthly Basic Earnings to a maximum of $1,000 |
| Each Other Employee as follows: | |
| Prior to 25th anniversary of employment | 60% of monthly Basic Earnings to a maximum of $1,000 |
| On and after 25th anniversary of employment | 50% of Final Average Compensation |

ADJUSTMENTS IN AMOUNT OF MONTHLY INCOME. The amount of Monthly Income otherwise payable for any monthly period will be reduced by the amount of all Other Income Benefits (as defined in Section 9 of this policy) payable for the same monthly period.

The amount of Monthly Income on each Employee is determined initially by the Employee's monthly Basic Earnings on the day he becomes insured. If the monthly Basic Earnings of any Employee change, any consequent change in the amount of the Employee's Monthly Income will be effective on the date of change in earnings, except that no increase in the amount of Monthly Income on an Employee not in Active Service on the day he becomes eligible for the increase will be effective until the day he returns to Active Service.

Any change in the amount of Monthly Income due to the occurrence of an Employee's 25th anniversary of employment will be effective on that anniversary, but in no event will the amount of Monthly Income change before the earlier of 1) the Employee's 70th birthday, or 2) the end of the fifth year of the disability for which Monthly Income is payable.

AMOUNT OF INCOME FOR PART OF A MONTH. If benefits are payable for any period of time which is less than a full month, the amount of Monthly Income for such period will be proportionally reduced.

BENEFIT WAITING PERIOD

| Employee Classification | |
|---|---|
| Each Employee | One year |

GM 3000  3LT1                    Section                         V-1
                                    3

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

## ELIGIBILITY FOR INSURANCE

### For Employees

Each Employee in one of the Classes of Eligible Employees shown below will become eligible for Employee insurance on the day he completes the Waiting Period, if any. (The effective date of insurance for an eligible Employee is shown on a subsequent page of this policy.) Any Waiting Period shown below will be waived for an Employee previously insured under this policy whose insurance terminated for a reason other than a) cancellation of his payroll deduction order, or b) failure to return to Active Service immediately following a period of disability for which Monthly Income was or may become payable. However, the Waiting Period will be waived only if the Employee becomes employed in one of the Classes of Eligible Employees shown below within one year after his insurance terminated.

### AFFILIATED EMPLOYERS

None

### CLASSES OF ELIGIBLE EMPLOYEES

Each Employee who has completed less than 35 years of continuous Active Service with the Employer, who is a member of the Employer's Retirement and Pension System and who is less than 70 years of age.

### CLASSES OF EMPLOYEES NOT ELIGIBLE

Each Employee not included above

### WAITING PERIOD

For Employees in the employ of the Employer on the Effective Date of this policy:   6 months of continuous Active Service

For Employees whose employment with the Employer commences after the Effective Date of this policy:   6 months of continuous Active Service

GM 3000   6G1                    Section

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY**

EFFECTIVE DATE OF INSURANCE

For Employees

Each Employee may elect to be insured for Employee Insurance by signing any form of payroll deduction order approved by the Policyholder and acceptable to the Insurance Company. The effective date of his insurance will be:

1. the date on which the Employee becomes eligible, if he signs the payroll deduction order on or prior to that date; or

2. the date on which he signs the payroll deduction order, if that date is within the 30-day period immediately following the date he becomes eligible; or

3. the date on which he is accepted for insurance by the Insurance Company, if he signs the payroll deduction order more than 30 days after the date he becomes eligible or again elects to be insured after his insurance has terminated because of cancellation of the payroll deduction order. To determine his acceptability, the Insurance Company will require evidence of insurability and may require that the evidence be presented by the Employee at his own expense;

provided the Employee is in Active Service on that date; otherwise the effective date of his insurance will be the date he returns to Active Service.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

DEFINITIONS

EMPLOYER. The term Employer means the Policyholder and all Affiliated Employers listed in the section entitled "Eligibility for Insurance".

EMPLOYEE. The term Employee means a full-time employee of the Employer, excluding, in any case, part-time employees, temporary employees and employees who work less than 30 hours a week for the Employer.

ACTIVE SERVICE. An Employee will be considered in Active Service with the Employer on a day which is one of the Employer's scheduled work days if he is performing in the customary manner all of the regular duties of his employment with the Employer on a full-time basis on that day either at one of the Employer's business establishments or at some location to which the Employer's business requires him to travel. An Employee will be considered in Active Service on a day which is not one of the Employer's scheduled work days only if he was performing in the customary manner all of the regular duties of his employment on the next preceding scheduled work day.

BASIC EARNINGS. The term Basic Earnings means the Employee's rate of pay, excluding overtime, bonus or additional compensation, based on his normal work week, but in no event for a work week of more than 40 hours. The amount of Basic Earnings which the Policyholder reports to the Insurance Company for any Employee will be considered conclusive on the Employee.

FINAL AVERAGE COMPENSATION. An Employee's Final Average Compensation as defined under the Employer's Retirement and Pension System and as reported by the Policyholder to the Insurance Company will be considered conclusive on the Employee.

BENEFIT WAITING PERIOD. The Benefit Waiting Period will commence when an Employee becomes disabled and will continue until the end of the period shown in the Schedule of Benefits or until disability ceases, whichever is the earlier.

OTHER INCOME BENEFITS. Other Income Benefits include

(1) any periodic cash payments provided on account of the Employee's disability:

  (a) under any plan of insurance toward which the Employer contributes or makes payroll deductions;

  (b) by the Federal Social Security Act, payable to the Employee on his own behalf;

  (c) by any state or federal government retirement plan;

  (d) under any pension plan with respect to which the Employer contributes or makes payroll deductions;

  which become payable on or after the commencement of the disability for which Disability Income is payable; and

(2) any Federal Old Age Benefits provided under the Federal Social Security Act, payable to the Employee on his own behalf.

For the purposes of items (1) and (2) above, each Employee who is covered under the Federal Social Security Act will be considered to be receiving periodic cash payments under such Act, in an amount equal to the amount he would receive were he receiving such payments, unless the Employee submits proof to the Insurance Company that such payments have been applied for but are not payable. Each Employee will be considered to be enrolled in and entitled to benefits under the Employer's Retirement and Pension System.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

DEFINITIONS (Continued)

REHABILITATIVE WORK. The term Rehabilitative Work means work performed under any formal or informal program of rehabilitation approved by the Insurance Company.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

INSURING PROVISIONS

LONG TERM DISABILITY BENEFITS

Upon receipt by the Insurance Company of due proof that an Employee, while insured under this policy, has become totally disabled, as described below, because of sickness or an accidental bodily injury, the Insurance Company will pay the Employee Monthly Income subject to the following provisions and to all other terms, conditions and limitations of this policy.

If sickness or accidental bodily injury, directly and independently of all other causes, disables an Employee so that he is completely prevented from performing the duties of his occupation or employment and if the disability continues after the Benefit Waiting Period shown in the Schedule of Benefits, the Insurance Company will pay Monthly Income in an amount determined from the Schedule of Benefits. Such Monthly Income will be payable for the period during which the disability continues after the Benefit Waiting Period, but for no longer than 24 months. If an Employee, while so disabled, engages in any work for wage or profit (including any Rehabilitative Work), the Monthly Income otherwise payable with respect to any month will be reduced by 70% of the amount of wage or profit to which the Employee is entitled for such work during that month.

If an Employee is so disabled that he is completely prevented from engaging in any occupation or employment for which he is qualified, or may reasonably become qualified, based on his training, education or experience, and if Monthly Income has been payable for 24 months, the Insurance Company will continue Monthly Income payments during the period he remains so disabled.

If an Employee, while so disabled, engages in any Rehabilitative Work, the Monthly Income otherwise payable with respect to any month will be reduced by 70% of the amount of wage or profit to which the Employee is entitled for such work during that month.

If an Employee performs work for which wage or profit is received less frequently than monthly, the amount of such wage or profit will be prorated over the number of months during which it was earned. If any payments have been made by the Insurance Company in a total amount in excess of the maximum amount of payment necessary at that time to satisfy the intent of the above provisions, the Insurance Company will have the right to recover these payments, to the extent of the excess.

SUCCESSIVE DISABILITIES. Successive disabilities will be considered one disability unless the disabilities are separated by the Employee's return to Active Service for at least 90 consecutive days.

"The provisions set forth on this page shall apply only to each Employee who has completed less than 25 years of continuous Active Service with the Employer."

GTLT54328-1                         Section                GM3003
                                      11

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

INSURING PROVISIONS

LONG TERM DISABILITY BENEFITS

Upon receipt by the Insurance Company of due proof that an Employee, while insured under this policy, has become totally disabled, as described below, because of sickness or an accidental bodily injury, the Insurance Company will pay the Employee Monthly Income subject to the following provisions and to all other terms, conditions and limitations of this policy.

If sickness or accidental bodily injury, directly and independently of all other causes, disables an Employee so that he is completely prevented from performing the duties of his occupation or employment and if the disability continues after the Benefit Waiting Period shown in the Schedule of Benefits, the Insurance Company will pay Monthly Income in an amount determined from the Schedule of Benefits. Such Monthly Income will be payable for the period during which the disability continues after the Benefit Waiting Period, but for no longer than 24 months. If an Employee, while so disabled, engages in any work for wage or profit (including any Rehabilitative Work), the Monthly Income otherwise payable with respect to any month will be reduced by 70% of the amount of wage or profit to which the Employee is entitled for such work during that month.

If an Employee is so disabled that he is completely prevented from engaging in any occupation or employment for which he is qualified, or may reasonably become qualified, based on his training, education or experience, and if Monthly Income has been payable for 24 months, the Insurance Company will continue Monthly Income payments during the period he remains so disabled but in no event will Monthly Income for any one period of disability be payable for more than an aggregate of 60 months.

If an Employee, while so disabled, engages in any Rehabilitative Work, the Monthly Income otherwise payable with respect to any month will be reduced by 70% of the amount of wage or profit to which the Employee is entitled for such work during that month.

In any case, Monthly Income payments for any period of disability will automatically cease on the Employee's 70th birthday.

If an Employee performs work for which wage or profit is received less frequently than monthly, the amount of such wage or profit will be prorated over the number of months during which it was earned. If any payments have been made by the Insurance Company in a total amount in excess of the maximum amount of payment necessary at that time to satisfy the intent of the above provisions, the Insurance Company will have the right to recover these payments, to the extent of the excess.

SUCCESSIVE DISABILITIES. Successive disabilities will be considered one disability unless the disabilities are separated by the Employee's return to Active Service for at least 90 consecutive days.

"The provisions set forth on this page shall apply only to each Employee who has complete 25 years or more of continuous Active Service with the Employer."
GM3003

GTLT34328-2                    Section
                                 11

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

LIMITATIONS

The insurance under this policy does not cover, and no benefits will be paid for, disability caused or contributed to by

1. pregnancy, childbirth or miscarriage;

2. intentionally self-inflicted injuries, while sane or insane;

3. war, declared or undeclared, or any act or hazard of war;

4. service with armed forces of any country (other than temporary active duty for training perpses only);

nor for any period of disability

5. during which the Employee is not under the care of a legally qualified physician; or

6. for which full salary is payable under the Employer's Salary Continuation Program or any Workmen's Compensation Program.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

TERMINATION OF INSURANCE

The insurance on any Employee will automatically terminate on the earliest
of the following dates:

1.  the date the Employee ceases to be in a Class of Eligible Employees
    or ceases to qualify as an Employee;

2.  the last day of the period for which the Employee has made the required
    contribution, if any, toward the cost of the insurance;

3.  the date this policy is discontinued;

4.  the Employee's 70th birthday;

5.  the Employee's 35th anniversary of employment;

6.  the date of termination of employment.  Termination of Active Service
    will be considered termination of employment, and the insurance will
    be discontinued, except as provided below.

    If an Employee's Active Service terminates because of injury or
    sickness for which Monthly Income is or may become payable under
    this policy, the insurance will continue during the Benefit Waiting
    Period and during the period for which Monthly Income is payable.
    If the Employee remains disabled for a period of time longer than
    the period for which Monthly Income is payable, the insurance will
    terminate at the end of the period for which Monthly Income is payable.
    The Employee's insurance will be reinstated immediately upon payment
    of premiums for that Employee by the Policyholder if the Employee
    returns to Active Service in a Class of Eligible Employees as soon
    as he ceases to be disabled.

WAIVER OF PREMIUM

If an Employee's Active Service terminates because of injury or sickness
for which Monthly Income is payable under this policy, and if benefits
have become payable for at least 11 work days during a month, premium
for that Employee will be waived during the period Monthly Income is
payable.

EXTENSION OF LONG TERM DISABILITY BENEFITS

If Disability for which Monthly Income is payable commences while this
policy is in force, Monthly Income will be payable after termination of
the policy to the same extent as if the policy had not terminated.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

TABLE OF MONTHLY PREMIUM RATES

| CLASSIFICATION OF EMPLOYEE | MONTHLY PREMIUM RATE PER $100.00 OF MONTHLY INCOME |
|---|---|
| Each Employee | $.48 |

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

PREMIUMS

METHOD OF PREMIUM PAYMENT. Premiums will be payable monthly unless the Policyholder and the Insurance Company agree on some other method of premium payment. The Policyholder and the Insurance Company may agree to change the method of premium payment from time to time.

PREMIUM DUE DATE. The Premium Due Date will be the day of the month which corresponds numerically with the Anniversary Date or the last day of a month in which there is no day which corresponds numerically with the Anniversary Date. If the Policyholder and the Insurance Company agree to the payment of premiums on a quarterly, semiannual or annual basis instead of on a monthly basis, the Premium Due Date will occur at the appropriate regular interval, quarterly, semiannually or annually.

PAYMENT OF PREMIUMS. The initial premium will be due on the Effective Date to cover the period from that date to the first Premium Due Date which is one month or more after the Effective Date. Premiums thereafter will be due on each succeeding Premium Due Date. Premiums are payable at the Home Office of the Insurance Company or to an authorized agent of the Insurance Company.

CALCULATION OF PREMIUMS. If premiums are payable monthly, the premium as of any Premium Due Date will be calculated by multiplying the Monthly Income in force on each Employee on that date by the premium rate for that Employee and adding the results. If premiums are payable other than monthly, the calculation is the same except that the monthly rate for each classification is first converted into a quarterly, semiannual or annual rate by multiplying it by 2.9852, 5.9557 or 11.8227 respectively, the result being taken to the nearest cent. If the Policyholder and the Insurance Company agree to a change in the method of premium payment or to a change in the Anniversary Date, an appropriate pro rata adjustment will be made in the premium due.

AMOUNT OF MONTHLY INCOME IN FORCE. For the purpose of determining the premium, the amount of Monthly Income in force under this policy will mean the amount determined in accordance with the Schedule of Benefits exclusive of any adjustments provided for on account of Other Income Benefits or any workmen's compensation benefit.

MONTHLY STATEMENT DATE. If premiums are payable monthly, the Monthly Statement Date will be the same as the Premium Due Date. If premiums are payable quarterly, semiannually or annually, the Monthly Statement Date will be the day in each month which corresponds numerically with the Premium Due Date or the last day of any month in which there is no day which corresponds numerically with the Premium Due Date.

MONTHLY PREMIUM STATEMENTS. If premiums are payable monthly, a Monthly Premium Statement will be prepared as of the Premium Due Date reflecting the premium payable. If premiums are payable quarterly, semiannually or annually, a Monthly Premium Statement will be prepared as of the Monthly Statement Date covering the period from the Monthly Statement Date to the next Premium Due Date. This Monthly Statement will reflect any pro rata premium charges and credits due to changes in the number of Employees insured and changes in the amount of insurance for individual Employees which took place during the preceding month.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

PREMIUMS (Continued)

SIMPLIFIED ACCOUNTING. For an Employee becoming insured or for an increase in the amount of insurance on any Employee, other than an increase resulting from a change in the Schedule of Benefits, the premium charge will commence on the Monthly Statement Date coinciding with or next following the date the insurance or the increase in insurance is effective. Similarly, for an Employee whose insurance terminates the premium charge will cease on the Monthly Statement Date coinciding with or next following the date of termination of the insurance, and for a decrease in the amount of insurance on any Employee, other than a decrease resulting from a change in the Schedule of Benefits, the premium charge will be decreased on the Monthly Statement Date coinciding with or next following the decrease in the amount of insurance.

ADJUSTMENTS IN PREMIUM RATES. The premium rates shown in the Table of Monthly Premium Rates may be changed by the Insurance Company from time to time upon at least 31 days advance written notice, but no change will be made during the first 36 months following the Effective Date, nor will any increase be made more often than once during any 12-month period. If an increase in premium rates takes place on a date other than a Premium Due Date, there will be due on the date the increase takes place a pro rata premium for the period from the date of the increase to the next Premium Due Date. If the pro rata premium is not paid when due, this policy will automatically be discontinued as of the date the pro rata premium was due, subject to the provisions entitled "Grace Period", and the Insurance Company will refund the portion of the premium which is unearned on the day this policy is discontinued. If a decrease in premium rates takes place on a date other than a Premium Due Date, a pro rata credit will be granted for the period from the date of the decrease to the next Premium Due Date.

As of any Anniversary Date after this Policy has been in force for 36 months, the Insurance Company may grant a credit in such amount as it may determine, based upon experience. The experience under this policy may be combined with the experience under other group insurance policies issued by the Insurance Company to the Policyholder.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

DISCONTINUANCE OF THE POLICY

The Policyholder may discontinue this policy as of any Premium Due Date by giving the Insurance Company written notice in advance of that date.

The Insurance Company may discontinue this policy as of any Premium Due Date if the total number of insured Employees is less than 25.

If any premium is not paid when due, this policy will automatically be discontinued as of the Premium Due Date, except as provided below.

GRACE PERIOD. If, prior to any day on which premium is due, the Policyholder has not given written notice to the Insurance Company that this policy is to be discontinued, a grace period of 31 days will be granted for the payment of every premium after the initial premium, during which time this policy will be continued in force. If any premium is not paid before the expiration of the grace period, this policy will automatically be discontinued at the expiration of the grace period, except that if the Policyholder has given written notice in advance of an earlier date of discontinuance, this policy will be discontinued as of the earlier date. The Policyholder will be liable to the Insurance Company for any unpaid premium for the time this policy was in force.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

## MISCELLANEOUS PROVISIONS

EXECUTION OF POLICY. This policy is executed at the Home Office of the Insurance Company, the Post Office address of which is Hartford, Connecticut.

CONSIDERATION. This policy is issued to the Policyholder in consideration of the application and the payment of the premiums specified in this policy.

TERMS AND CONDITIONS. Payment of any benefit under this policy is subject to the definitions and all other terms and conditions of this policy pertinent to the benefit.

WORKMEN'S COMPENSATION. This policy is not to be construed as satisfying any requirement for coverage by workmen's compensation insurance.

INSURANCE DATA. The Policyholder will furnish the Insurance Company with all the data necessary for the calculation of the premium and all other data that may reasonably be required by the Insurance Company. Failure on the part of the Policyholder to furnish the necessary data will neither invalidate any Employee's insurance nor continue any Employee's insurance beyond the date of termination determined in accordance with the section entitled "Termination of Insurance".

GM 3000  38G1

Section
38

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

PROVISIONS

ENTIRE CONTRACT; CHANGES. This policy and the application of the Policyholder, a copy of which is attached to this policy, and the applications, if any, of the Employees, will constitute the entire contract between the parties. All statements made by the Policyholder or by an insured Employee will, in the absence of fraud, be considered representations and not warranties and no statement made for the purpose of obtaining insurance will be used in any contest to avoid the insurance or reduce the benefits provided by this policy unless contained in a written instrument signed by the Policyholder or the insured Employee, a copy of which is or has been furnished to the Policyholder or to the insured Employee or his Beneficiary, if any.

No change in this policy will be valid unless approved by the Insurance Company and evidenced by endorsement on this policy or by amendment to this policy signed by the Policyholder and by the Insurance Company, acting through its President, Vice President, Secretary or Assistant Secretary. No agent has authority to change this policy or to waive any of its provisions. The validity of any change in this policy will not be affected by the failure to obtain the consent of any Employee.

NOTICE OF CLAIM. Written notice of injury or sickness on which claim may be based must be given to the Insurance Company within 30 days after the occurrence of the accident causing the injury or, in the case of sickness, within 30 days after occurrence of the event on which claim is based.

Written notice of claim given by or on behalf of the Employee to the Insurance Company at its Home Office, or to any authorized agent of the Insurance Company, with particulars sufficient to identify the Employee, will be considered notice to the Insurance Company. Failure to give written notice within the time provided in this policy will neither invalidate nor reduce any claim if it be shown that it was not reasonably possible to give written notice within that time and that written notice was given as soon as was reasonably possible.

CLAIM FORMS. The Insurance Company, when it receives the notice of claim, will furnish to the Employee or to the Policyholder for delivery to the Employee, the claim forms which it usually furnishes for filing proofs of loss. If the Employee does not receive these claim forms within 15 days after receipt by the Insurance Company of the notice of claim, the Employee will be considered to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in this policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

PROOFS OF LOSS. Written proof of loss must be furnished to the Insurance Company at its Home Office within 90 days after the date of the loss for which claim is made. Failure to furnish written proof of loss within the time provided in this policy will neither invalidate nor reduce any claim if it be shown that it was not reasonably possible to furnish written proof of loss within that time and that written proof of loss was furnished as soon as was reasonably possible.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

PROVISIONS (Continued)

PHYSICAL EXAMINATION. The Insurance Company, at its own expense, will have the right and opportunity, while claim is pending under this policy, to examine any individual whose injury or sickness is the basis of claim when and so often as it may reasonably require and to make an autopsy in case of death where it is not prohibited by law.

TIME OF PAYMENT OF BENEFITS. Upon receipt of due proof, disability income benefits will be paid by the Insurance Company at regular intervals occurring at least as often as once a month, and any balance remaining unpaid at the end of any period for which the Insurance Company is liable will be paid at that time.

PAYMENT OF BENEFITS. All benefits will be payable to the Employee.

FACILITY OF PAYMENT OF BENEFITS. If an Employee is a minor or, in the opinion of the Insurance Company, otherwise not competent to give a valid receipt for payment of any benefit due him under this policy and if no request for payment has been received by the Insurance Company from a duly appointed guardian or other legally appointed representative of the Employee, the Insurance Company may, at its option, make direct payment to the individual or institution appearing to the Insurance Company to have assumed the custody or the principal support of the Employee.

If an Employee dies while disability income benefits remain unpaid, the Insurance Company may, at its option, make direct payment to any of the following surviving relatives of the Employee: wife, husband, mother, father, child or children, brothers or sisters; or the executors or administrators of the Employee.

Any payment by the Insurance Company in accordance with this Facility of Payment of Benefits provision will discharge the Insurance Company from all further liability to the extent of the payment made.

LEGAL ACTIONS. No action at law or in equity will be brought to recover on this policy prior to the expiration of 60 days after proof of loss has been filed in accordance with the requirements of this policy, nor will any action be brought at all unless brought within 3 years from the expiration of the time within which proof of loss is required by this policy.

TIME LIMITATIONS. If any time limitation provided in this policy for giving notice of claims, for furnishing proof of loss, or for bringing any action at law or in equity is less than that permitted by the law of the state in which the Employee resides at the time this policy is issued, then the time limitation provided in this policy is hereby extended to agree with the minimum permitted by the law of that state.

PHYSICIAN-PATIENT RELATIONSHIP. The Employee will have free choice of any doctor practicing legally. The Insurance Company will in no way disturb the physician-patient relationship.

NEW EMPLOYEES. New Employees will become eligible for benefits under this policy in accordance with the provisions set forth in the section entitled "Eligibility for Insurance".

ELECTRONICALLY FILED
2014 Apr 22 AM 11:58
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Lori Osborn

     Plaintiff

vs.                                   No._____

CIGNA Group Insurance  and
Connecticut General Life Insurance Company

     Defendants

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANTS

Pursuant to the provisions of Rule 34 of the Tennessee Rules of Civil Procedure, the defendants are requested to produce the following documents for examination and copying in the offices of Ronald D. Krelstein, 7515 Corporate Centre Drive , Germantown, Tennessee, on Monday, May 19, 2014 at 10:00 a.m., or at such other time and place as mutually agreed upon by the parties.

If a claim of privilege is raised with respect to the production of any document, the defendants shall briefly identify the document by date, author, and recipient in accordance with Rule 26.02(5).

"Document" includes, without limitation, correspondence, memoranda, letters, minutes, reports, notes, computer generated data, electronically generated data, written messages, telegrams, telephone messages, written summaries of telephone calls, calendar or diary entries, or any other written record, or paper writing relating in any manner to the subject of the request.

"Document" includes audio tapes, videotapes, or transcriptions of either and  any information, storage and retrieval,  whether accomplished by electronic means or otherwise.

1

"Document" does not include any item alleged to be privileged, but in such cases, the defendants shall briefly identify the document alleged to be privileged, as requested above, so that the document can be identified for the purpose of an "in camera" inspection by the Court to determine a claim of privilege.

## DOCUMENTS REQUESTED

1. All video or still photographs taken of the plaintiff by, or at the request of the defendants.

2. All medical records relied upon by the defendants in making the decision to terminate the plaintiff's benefits.

3. A copy of all documents relating to communications between the claim manager, senior claim manager, nurse case manager, certified rehabilitation counsel, and the board certified occupational medicine physician relating to the decision to terminate the plaintiff's benefits.

4. A copy of all communications between the defendants and Dr. Bhupendra Gupta concerning the plaintiff's medical condition and relating to the decision to terminate the plaintiff's benefits.

5. A copy of all documents showing the amount of compensation paid to Dr. Bhupendar Gupta for his consultation in this case.

6. A copy of all documents showing the number of cases in which Dr. Gupta was employed or retained by the defendants for any purpose, and the total amount of compensation paid to Gupta for services rendered to the defendants.

7. All documents relating to the appeals process including but not limited to communications between the senior claim manager and superiors involved in the appeal process.

8. A copy of all documents relating to the internal guidelines employed by the defendants

2

in evaluating claims for disability, investigations relating to claims for disability, and criteria for denying claims for disability.

9.  A copy of all documents relating to the internal guidelines used by the defendants in choosing any physician not regularly employed by the defendants as an employee of the defendants to conduct a consultation for evaluating claims for disability.

10.  Any document not covered by requests 1- 9 relied upon by the defendants in the defense of this action, or otherwise used in denying the plaintiff's claim for disability.

Respectfully submitted

Ronald D. Krelstein, 8223
Attorney for the Plaintiff
7515 Corporate Centre Drive
Germantown, TN 38138
901-754-9935
rdkrel@bellsouth.net

CERTIFICATE OF SERVICE

I certify that a copy of this pleading was attached to the Complaint and Summons for service on the defendants on the date of filing of the Complaint and Summons.

ELECTRONICALLY FILED
2014 Apr 22 AM 11:55
CLERK OF COURT - CHANCERY

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Lori Osborn

      Plaintiff

vs.                                                              No._____

CIGNA Group Insurance  and
Connecticut General Life Insurance Company

      Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT

The following interrogatories must  be answered under oath within 45 days after service in accordance with the provisions of Rule 33 of the Tennessee Rules of Civil Procedure.  These interrogatories are directed to the defendant but include inquiry regarding information within the knowledge of the defendant's attorney or those acting on the defendant's behalf.  The interrogatories are to be answered separately and fully, in writing, and under oath.  If more than one representative of the defendant is required to answer these interrogatories, that representative shall be identified with respect to the interrogatory answered.

The interrogatories shall be considered ongoing in accordance with the provisions of Rule 26.05 of the Tennessee Rules of Civil Procedure.  The defendant is expected to supplement a response to an interrogatory in accordance with this Rule.

As used in these interrogatories, the following terms have the following meanings:

      A.      "You" and "Your" mean the defendant, persons employed by, or working

              under the defendant's supervision, direction, or control, including

1

attorneys, and agents or any other person acting or purporting to act with the defendant's actual or apparent authority, including, but not limited to, private investigators or adjusters.

B.      "Identify" when used with respect to an individual means to state the individual's full name, any other name now or previously used by them, their present and past occupation, principal, and any other business affiliation, current home and business addresses, current home and business telephone numbers, and the person's present or past affiliation, if any, with the defendant.

C.      "Identify" when used with respect to a document means to describe the document with sufficient particularity to withstand a valid objection to the description appearing in a subpoena duces tecum, or motion for production of the document, including but not limited to the type of document "e.g. letter", date, author, and addressee; and to identify each and every person who has any document or drafts or copies thereof in their possession, custody, or control, and the location of the document.

D.      "Document" as used in these interrogatories the word "document" includes, without limitation, correspondence, memoranda, letters, minutes, reports, notes, computer generated data, written messages, telegrams, telephone messages, written summaries of telephone calls, calendar or diary entries, or any other written record, or paper writing in any manner related to the subject of the request.

"Document" also includes, audiotapes, or videotapes or transcriptions of either. "Document" also includes any manner of information storage and retrieval whether accomplished by electronic means or otherwise. "Document" does not include any items alleged to be privileged, but in such cases, the defendant shall briefly identify the document alleged to be privileged so that the document can be identified for the purpose of an **in-camera** inspection by the court to determine a claim of privilege.

E.      "Defendant" includes the plural as well as the singular.

F.      "Retained individual" means any person or business entity not otherwise employed by the defendant, and is paid on an agreed contractual basis to review the granting, denying, or terminating persons receiving long term disability benefits under the plan covering the plaintiff.

## INTERROGATORIES

1. Identify all persons known by you having knowledge of discoverable facts relating to the subject matter of the claim  or any  defense raised by the defendant.

2. Identify all persons the  defendant expects to call as an expert witness at the trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for the expert's opinion.

3. Identify each physician employed by the defendant who conducted a physical examination of the plaintiff, stating: When, where, and how the examination was performed.

3

4. Identify each person who advised the defendant that the plaintiff did not suffer from Chronic Fatigue Syndrome [CFS.]

5. State each basis, ground, or reason for terminating the plaintiff's disability benefits.

6. Does the policy require that the plaintiff pursue her remedy through and appeal process before seeking judicial relief?

7. Please state why there has been no response to the plaintiff's inquiry by counsel since October 2013?

8. Identify each person involved in the appeal process initiated by the plaintiff, and describe the function performed by each.

9. For each doctor employed or retained by the defendant to review the plaintiff's claim for disability, state:

    a. The name, address, and medical specialty, if any,

    b. The number of cases reviewed by each for the years, 2000- 2013;

    c. The average fee or compensation received by each,

10. Does the defendant pay a bonus, or incentive however described,  to any employee or other retained individual as a consequence of that person's success in either denying or terminating benefits?

11. With respect to Dr. Bhupendra Gupta, state:

    a. How many consultations has he performed for the defendants;

    b. How much is he paid per consultation.

For the purpose of this interrogatory, "consultation" means any evaluation of any insured to determine any insured's current level of functionality, or "Peer Review".

4

12.   Identify the following persons, and state each's employment relationship with the defendants, if any, at the time of the plaintiff's claim determination:

    a.  Claim Manager

    b.  Senior Claim Manager

    c.  Nurse Case Manager

    d.  Certified Rehabilitation Counselor

    e.  Board Certified Occupational Medicine Physician.

Respectfully submitted

Ronald D. Krelstein, 8223
Attorney for the Plaintiff
7515 Corporate Centre Drive
Germantown, TN 38138
901-754-9935
rdkrel@bellsouth.net

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was attached to the Complaint and Summons for service on the defendants on the date of filing of the Complaint and Summons.

5

ELECTRONICALLY FILED
2014 Apr 22 PM 2:30
CLERK OF COURT - CHANCERY

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_____ 14-0632 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Lori Osborn | CIGNA Group Insurance and Conn. General Life Insurance |

TO:      (NAME AND ADDRESS OF DEFENDANT)

Connecticut General Life Insurance Company

c/o Commissioner Department of Insurance

500 James Robertson Blvd

Volunteer Plaza

Nashville, TN 37243

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☒ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
   \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 22 of April , 20 14 |
|---|---|
| Ronald D. Krelstein, 8223 | |
| 7515 Corporate Centre Drive | **Donna L. Russell, Clerk and Master** |
| Germantown, TN 38138 | |
| 901-754-9935 | By: _____ |
| | Deputy Clerk & Master |
| | 140 Adams, Room 308    Memphis, TN 38103 |

| TO THE SHERIFF: | Came to hand |
|---|---|
| _____ | _____ day of _____ , 20 _____ |
| _____ | Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **Donna L. Russell, Clerk & Master** By: _____ D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

℞ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____day of _____, 20_____at _____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____ _

at _____

_____                    By: _____
Signature of person accepting service                                   Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____day of _____, 20 _____

                                                          By: _____
                                                             Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____day of** _____, 20_____. | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____Notary Public or _____Deputy Court Clerk: _____ My Commission Expires: | _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          LORI OSBORN V CIGNA GROUP INSURANCE ET AL

**Case Number:**      CH-14-0632

**Type:**                     Summons issued other

JENNIFER HALL, DC

Electronically signed on 04/22/2014 03:00:07 PM

ELECTRONICALLY FILED
2014 Apr 22 PM 2:30
CLERK OF COURT - CHANCERY

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH- 14-0632 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Lori Osborn | CIGNA Group Insurance and Conn. General Life Insurance |

TO:     (NAME AND ADDRESS OF DEFENDANT)

Connecticut General Life Insurance Company

c/o Commissioner Department of Insurance

500 James Robertson Blvd

Volunteer Plaza

Nashville, TN 37243

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☒ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
        \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

Ronald D. Krelstein, 8223

7515 Corporate Centre Drive

Germantown, TN 38138

901-754-9935

ISSUED  22  of  April  , 20 14

**Donna L. Russell, Clerk and Master**

By: _____
        Deputy Clerk & Master

140 Adams, Room 308    Memphis, TN 38103

TO THE SHERIFF:

Came to hand

_____ day of _____, 20 _____

Sheriff

## CERTIFICATION (IF APPLICABLE)

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **Donna L. Russell, Clerk & Master** By: _____ D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

℥ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**
   TO THE DEFENDANT(S):
         Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____day of _____, 20_____at _____am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____ _

at _____

_____          By: _____
Signature of person accepting service                                          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____day of _____, 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

**Sworn to and subscribed before me on this _____day of**

**_____, 20_____.**

Signature of _____Notary Public or _____Deputy Court Clerk:

_____

My Commission Expires:

Signature of Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process.

_____

ATTACH RETURN

RECEIPT HERE

(IF APPLICABLE)



**The Shelby County, Tennessee Chancery Court**

**Case Style:**          LORI OSBORN V CIGNA GROUP INSURANCE ET AL

**Case Number:**     CH-14-0632

**Type:**                  Summons issued other

JENNIFER HALL, DC

Electronically signed on 04/22/2014 03:00:07 PM

ELECTRONICALLY FILED
2014 May 12 PM 2:16
CLERK OF COURT - CHANCERY

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Lori Osborn

      Plaintiff

vs.                                                                No. CH -14 - 0632 - Part 3

CIGNA Corporation  and
Connecticut General Life Insurance Company

      Defendants

## FIRST AMENDED COMPLAINT

Pursuant to the provisions of Rule 15, the plaintiff amends the original complaint to correct the misnomer of the defendant GIGNA Group Insurance to CIGNA Corporation.

1. The defendant CIGNA Corporation does business as CIGNA Group Insurance.  Wherever the name CIGNA Group Insurance appears, it is changed to GIGNA Corporation [CIGNA.] The name of the defendant is changed from CIGNA Group Insurance to CIGNA Corporation.

2. In all other respects, the original complaint is adopted and incorporated by reference, the same as if repeated verbatim herein.

Respectfully submitted,

*Ronald Krelstein*

Ronald D. Krelstein, 8223
7515 Corporate Centre Drive
Germantown, TN 38138
901-754-9935
rdkrel@bellsouth.net
Attorney for the Plaintiff

### Certificate of Service

I certify that a copy of this amended complaint was attached to the original complaint and summons for service on the defendant as of the date of filing.

*Ronald Krelstein*

ELECTRONICALLY FILED
2014 May 12 PM 2:16
CLERK OF COURT - CHANCERY

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-_14 - 0632_ |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Lori Osborn | CIGNA Corporation and Conn. General Life Insurance |

**TO:     (NAME AND ADDRESS OF DEFENDANT)**

CIGNA Corporation

c/o Commissioner of Insurance

500 James Robertson Blvd.

Volunteer Plaza

Nashville, TN 37243

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
■ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
          \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED _12th_ of _May_ , 20_14_ |
|---|---|
| Ronald D. Krelstein, 8223 | **Donna L Russell, Clerk and Master** |
| 7515 Corporate Centre Drive | |
| Germantown, Tn 38138 | By: _____ |
| 901-754-9935 | Deputy Clerk & Master |
| | 140 Adams, Room 308   Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand |
| _____ | _____day of _____, 20 _____ |
| _____ | Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | **Donna L. Russell, Clerk & Master** By: _____ D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

℥ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**
  TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20_____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____ _

at _____

_____                     By: _____
Signature of person accepting service                                   Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

                                                                By: _____
                                                                    Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of** _____, **20_____.** Signature of _____Notary Public or _____Deputy Court Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |



**The Shelby County, Tennessee Chancery Court**

**Case Style:**        LORI OSBORN V CIGNA GROUP INSURANCE ET AL

**Case Number:**       CH-14-0632

**Type:**              Summons issued other


JENNIFER HALL, DC


Electronically signed on 05/12/2014 02:28:11 PM



CH-14-0632 : LORI OSBORN V CIGNA GROUP INSURANCE ET AL

CHANCERY COURT

| | | | |
|---|---|---|---|
| **Case Number** | CH-14-0632 | **Plaintiff** | LORI OSBORNE |
| **Case Type** | Comp/Declaratory Judgment | **Defendant** | CIGNA GROUP INSURANCE et al |
| **Opened** | 04-21-2014 | **Judge** | KENNY ARMSTRONG - Division 30DG |
| **Status** | INITIAL | **Amt. of Claim** | $.00 |
| | | **Jury/Non Jury** | Non Jury |

⊟ Show/Hide Participants

**Plaintiff[s]**                                                                 **Counsel of Record**

LORI OSBORNE                                               RONALD D KRELSTEIN
2894 SANTA VALLEY ST                                  7515 CORPORATE CENTER DRIVE
BARTLETT, TN 38133                                       GERMANTOWN, TN 38138


**Defendant[s]**                                                              **Counsel of Record**

CIGNA GROUP INSURANCE

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

**Chancellor[s]**                                                             **Counsel of Record**

KENNY ARMSTRONG

Click here to access documents for this case

| **File Date** | | **Case History** |
|---|---|---|
| 05-12-2014<br>Plaintiff | Summons issued other - Alias Summons Issued to CIGNA Corporation C/O Commissioner of Insurance | |
| | Filed by: RONALD D KRELSTEIN | |
| 05-12-2014<br>Plaintiff | Amended (T) - First Amended Complaint to Correct Misnomer | |
| | Filed by: RONALD D KRELSTEIN | |
| 04-22-2014<br>Plaintiff | Summons issued other - Summons Issued to Connecticut General Life Insurance Company c/o Commissioner of Insurance | |
| | Filed by: RONALD D KRELSTEIN | |
| 04-22-2014<br>Plaintiff | Summons issued other - Summons Issued for CIGNA c/o Commissioner of Insurance | |
| | Filed by: RONALD D KRELSTEIN | |
| 04-22-2014<br>Plaintiff | Request (T) - Plaintiff's 1st Request for Production to the defendants | |
| | Filed by: RONALD D KRELSTEIN | |
| 04-22-2014<br>Plaintiff | Interrogatories (T) - Plaintiff's 1st set of Interrs to Defendants | |
| | Filed by: RONALD D KRELSTEIN | |
| 04-22-2014<br>Court | PAYMENT RECEIVED - A Payment of $295.71 was made on receipt CHCH62489. | |
| | Filed by: Court | |
| 04-21-2014<br>Court | Original complaint (T) | |
| | Filed by: Court | |
| 04-21-2014<br>Plaintiff | COMPLAINT FILED - COMPLAINT FOR BREACH OF CONTRACT | |
| | Filed by: RONALD D KRELSTEIN | |